**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTOINE D. TILLMON, *Plaintiff*, v. WASHINGTON METROPOLITIAN AREA TRANSITY AUTHORITY, *Defendant*. | No. 24-cv-1176 (DLF) |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Antoine Tillmon, proceeding *pro se*, moves for leave to file his proposed second amended complaint under Rule 15. Mot., Dkt. 21. For the reasons that follow, the Court will grant in part and deny in part the motion.

**I.    Background**

Tillmon works as a bus operator for the Washington Metropolitan Area Transit Authority (WMATA). Proposed Second Am. Compl. ¶ 1, Dkt. 21-1. He applied for and received leave due to a mental-health condition under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq. Id.* ¶¶ 4, 9. But beginning in October 2023, Tillmon "began noticing a pattern of 'Adverse Administrative Actions' closely following engaging in 'Protected Activity.'" *Id.* ¶ 10; *see id.* ¶¶ 11–20 (alleging various adverse actions). He says that WMATA placed him on administrative leave pending an investigation on November 22, 2023, after he "engaged in his Protected Activity" the preceding day. *Id.* ¶ 12. In December 2023, WMATA terminated Tillmon from his position as a train operator, and he remained out of work until February 2024, when WMATA reassigned him

to work as a bus operator, the "same position where his mental health conditions originally developed." *Id.* ¶¶ 16–18.

Tillmon initiated this lawsuit on April 23, 2024, *see* Dkt. 1, and filed his First Amended Complaint on May 14, 2024, Dkt. 8. WMATA moved to dismiss Tillmon's First Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 17. The Court granted that motion, holding that it lacked jurisdiction over Tillmon's ADA and FMLA self-care claims due to WMATA's sovereign immunity, Mem. Op. & Order 6, Dkt. 20, and that Tillmon had failed to allege a family-care claim under the FMLA, *id.* at 8. The Court dismissed Tillmon's First Amended Complaint without prejudice and ordered him to "file an amended complaint that addresses the deficiencies identified" in the opinion. *Id.* at 9. Before the Court is Tillmon's motion for leave to file his Proposed Second Amended Complaint. Mot.

## II.    Legal Standard

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a "court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[w]hen evaluating whether to grant leave to amend, the Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint." *Howell v. Gray*, 843 F. Supp. 2d 49, 54 (D.D.C. 2012) (citing *Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

An amendment "is futile and should be denied" when it "would not survive a motion to dismiss—such as where a claim sought to be added is barred by the statute of limitations." *Palacios v. MedStar Health, Inc.*, 298 F. Supp. 3d 87, 90 (D.D.C. 2018); *see e.g.*, *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to

2

amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss."). This review for futility is functionally "identical to review of a Rule 12(b)(6) dismissal based on the allegations in the amended complaint." *In re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 216 (D.C. Cir. 2010) (citation modified). Thus, "in assessing a motion for leave to amend, the Court is required to assume the truth of the allegations in the amended complaint and construe them in the light most favorable to the movant." *Flaherty v. Pritzker*, 322 F.R.D. 44, 46 (D.D.C. 2017) (citing *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1086 (D.C. Cir. 1998)). The party opposing amendment "bears the burden of showing why an amendment should not be allowed." *Abdullah v. Washington*, 530 F. Supp. 2d 112, 115 (D.D.C. 2008).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "But even though a pro se complaint must be construed liberally, the complaint must still present a claim on which the court can grant relief." *McFadden v. WMATA*, 168 F. Supp. 3d 100, 105 (D.D.C. 2016) (citation modified).

## III.   Analysis

### A.   Scope of Leave

WMATA argues that the Court should deny Tillmon's motion for leave to amend because his Proposed Second Amended Complaint "fails to cure the factual deficiencies identified in the Court's Opinion." Def.'s Opp'n 3, Dkt. 22. Because the Court identified deficiencies with Tillmon's FMLA claim for family-care leave after his son's injury, *see* Mem. Op. & Order 9 & n.2, WMATA contends that Tillmon "exceeds the scope of amendment permitted by the Court's" earlier opinion. Def.'s Opp'n 3.

The Court disagrees. Although Tillmon's Proposed Second Amended Complaint omits his earlier FMLA family-leave allegations about his son, he brings his other claims under different statutes than his First Amended Complaint—statutes that he contends avoid the sovereign-immunity issues identified in the Court's opinion on the motion to dismiss. *See* Mot. 2 (the proposed amendment "addresses the Court's concerns" by "introducing viable legal theories"); Proposed Second Am. Compl. ¶ 7. The decision whether to grant or deny leave to amend is "committed to a district court's discretion," *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996), and leave to amend may be granted when a plaintiff's amended complaint contains a new claim, *see Miss. Ass'n of Coops. v. Farmers Home Admin.*, 139 F.R.D. 542, 544–45 (D.D.C. 1991) (granting leave to add new claims and new parties that related "in a substantive way to the original complaint"). Moreover, Tillmon's reliance on new legal theories is not disqualifying because "[u]nless a defendant is prejudiced on the merits by a change in legal theory . . . a plaintiff is not bound by the legal theory on which he or she originally relied." *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999) (citation modified). Here, WMATA does not identify any prejudice nor does the Court discern any prejudice from permitting Tillmon to pursue new legal theories that "address[] [some of] the deficiencies identified" in the Court's earlier opinion, Mem. Op. & Order 9, by attempting to avoid the sovereign-immunity issues that barred his earlier ADA and FMLA self-care claims. Because the Proposed Second Amended Complaint does not exceed the scope of permissible amendment, the Court will consider whether the proposed amendment is futile.

**B.      Futility**

1.      *Rehabilitation Act Claim*

Tillmon first brings a claim under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Proposed Second Am. Compl. ¶¶ 24–28. The Court has subject-matter jurisdiction to hear this

claim because WMATA has waived its sovereign immunity under the Rehabilitation Act. *See Barbour v. WMATA*, 374 F.3d 1161, 1170 (D.C. Cir. 2004) ("WMATA waived its immunity from suit under the Rehabilitation Act by accepting federal transportation funds."). WMATA nevertheless argues that Tillmon's Rehabilitation Act claim is futile.

First, WMATA complains that Tillmon repackaged his FMLA retaliation claim as a Rehabilitation Act claim. Def.'s Opp'n 4. But repackaging a claim is not by itself a reason to deny leave to amend. *See Bronner v. Duggan*, 324 F.R.D. 285, 293 n.2 (D.D.C. 2018) (rejecting the defendants' argument that repackaging claims indicates bad faith).

Second, WMATA—in a single footnote—contends that Tillmon's request for leave is not actionable under the Rehabilitation Act because it was not a request under the ADA. *See* Def.'s Opp'n 4 n.2. WMATA cites *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784 (5th Cir. 2017), which held that "a request for FMLA leave is not a request for a reasonable accommodation under the ADA." *Id.* at 791; *see* Def.'s Opp'n 4 n.2. But, outside of the Fifth Circuit, the caselaw on this issue is mixed.[1] Given the scant briefing on this open statutory question, the Court cannot at this

---

[1] The D.C. Circuit has rejected a plaintiff's "argument that her requests for FMLA leave should have been construed as requests for an ADA accommodation." *Waggel v. George Wash. Univ.*, 957 F.3d 1364, 1373 (D.C. Cir. 2020). But other judges on this Court have noted that "there may be circumstances where an employee's FMLA application could put an employer on notice that the employee was also requesting an accommodation under the ADA." *Murphy v. District of Columbia*, No. 18-1478, 2022 WL 2643554 at *3 (D.D.C. July 8, 2022) (citation modified). The Sixth Circuit has also held that a "request for FMLA leave, by itself" does not "constitute[] a request for reasonable accommodations," *Jackson v. USPS*, 149 F.4th 656, 676–78 (6th Cir. 2025) (emphasis omitted), while clarifying that its ruling was "not to say that a request for FMLA leave can never support a request for accommodation," *id*. at 677 (emphasis omitted). At least one district court has construed an FMLA request for leave as a request for accommodation under the "ADA/Rehabilitation Act." *See Schobert v. CSX Transp., Inc.*, 504 F. Supp. 3d 753, 788 (S.D. Ohio 2020).

early stage say that WMATA has carried its "burden of showing why an amendment should not be allowed." *Abdullah*, 530 F. Supp. 2d at 115.[2]

Third, WMATA argues that Tillmon's Proposed Second Amended Complaint does not allege sufficient facts to state a claim under the Rehabilitation Act. *See* Def.'s Opp'n 4. "To make out a retaliation claim under the Rehabilitation Act, 'an employee must show []he engaged in protected activity, as a consequence of which her employer took a materially adverse action against h[im].'" *Porfiri v. Eraso*, 121 F. Supp. 3d. 188, 200 (D.D.C. 2015) (quoting *Taylor v. Solis*, 571 F.3d 1313, 1320 (D.C. Cir. 2009)). When a plaintiff relies on circumstantial evidence, as Tillmon does, he "must show that (i) []he engaged in statutorily protected activity; (ii) []he suffered a materially adverse action by h[is] employer; and (iii) a causal link connects the two." *Doak v. Johnson*, 798 F.3d 1096, 1107 (D.C. Cir. 2015) (citation modified). While "the Rehabilitation Act imposes a stricter causation standard than the ADA," *Drasek v. Burwell*, 121 F. Supp. 3d 143, 154 (D.D.C. 2015), at this stage "the [C]ourt does not need to undertake a full causation analysis in determining whether [the] plaintiff has stated a claim," *Williams v. Donovan*, 219 F. Supp. 3d 167, 173 (D.D.C. 2016) (citation modified).

WMATA has not shown that Tillmon has failed to state a claim under the Rehabilitation Act. Tillmon alleges that he engaged in statutorily protected activity in the form of medical leave, *see* Proposed Second Am. Compl. ¶¶ 8–12, and that he suffered materially adverse actions including administrative leave, termination from his position as a train operator, and loss of pay, *id.* ¶¶ 12–17. He further alleges that a pattern of adverse actions "closely follow[ed]" his protected medical leaves, sometimes within a day or two. *Id.* at ¶¶ 10–12; *see id.* ¶ 4 (alleging a "pattern"

---

[2] Should WMATA move to dismiss Tillmon's Proposed Second Amended Complaint, the Court will revisit—with the benefit of full briefing—its argument that Tillmon's request for FMLA leave did not constitute a request for accommodation under the ADA.

of adverse actions that were "within close Proximity in Time").  The alleged temporal proximity between Tillmon's protected activity and WMATA's adverse actions support an inference of causation.  *See Congress v. District of Columbia*, 324 F. Supp. 3d 164, 175 (D.D.C. 2018) (finding a retaliation claim under the Rehabilitation Act sufficiently pled because the plaintiff "state[d] that immediately after [his protected] meeting, the [defendant] re-opened a . . . investigation against [plaintiff]," "giv[ing] rise to a causal inference").  Because Tillmon's Proposed Second Amended Complaint, construed liberally, alleges facts that support each element of a Rehabilitation Act claim, WMATA has—again—not borne its burden of showing that his Rehabilitation Act amendments are futile.

Because the Rehabilitation Act claim in his Proposed Second Amended Complaint is not futile, the Court will grant Tillmon's motion for leave to amend with respect to Count 1.

2.      *Section 1983 Claim*

Tillmon's proposed Second Amended Complaint also includes a new claim under 42 U.S.C. § 1983.  *See* Proposed Second Am. Compl. ¶¶ 29–31.  But "WMATA cannot be sued under 42 U.S.C. § 1983 because it is not a 'person' under the statute."  *Austin v. WMATA*, No. 19-2718, 2020 WL 2962609 at *13 (D.D.C. May 28, 2020) (citing *Plater v. D.C. Dep't of Transp.*, 530 F. Supp. 2d 101, 104 (D.D.C. 2008)); *see also White Coat Waste Project v. WMATA*, 710 F. Supp. 3d 15, 25 (D.D.C. 2024); *Cutchin v. District of Columbia*, 174 F. Supp. 3d 427, 430 (D.D.C. 2016). Tillmon cites *Jones v. WMATA*, 205 F.3d 428, 431–32 (D.C. Cir. 2000), to argue that WMATA "may, in certain circumstances" be subject to suit under § 1983.  Pl.'s Reply 2, Dkt. 23.  Although *Jones* discussed WMATA's creation as a compact enacted by Congress and joined by Virginia, Maryland, and the District of Columbia, the case did not mention § 1983, let alone establish that WMATA is a "person" subject to suit under that statute.  *See Jones*, 205 F.3d at 432.  Because

7

WMATA is not subject to suit under § 1983, Tillmon's effort to assert a Fourteenth Amendment claim through § 1983 is futile. *See James Madison Ltd.*, 82 F.3d at 1099 ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss."). Accordingly, the Court will deny Tillmon's motion for leave to amend with respect to Count 2 in his Proposed Second Amended Complaint.

### C.   Remaining Factors

Two factors remain in the Court's consideration of Tillmon's Rule 15 motion: undue delay and prior amendments. WMATA advances no argument as to either prong of the Rule 15 analysis. *See generally* Def.'s Opp'n. First, the Court identifies no undue delay in Tillmon's motion to amend, which was docketed before the Court's deadline to file such a motion. *See* Mem. Op. & Order 9 (setting April 29, 2025 motion deadline); Mot. 1 (filed April 25, 2025). "Typically, courts deny Rule 15 motions on the basis of undue delay only when the plaintiffs waited many years before seeking amendments, after discovery had already concluded or summary judgment had already been granted." *Gilliard v. Gruenberg*, 302 F. Supp. 3d 257, 273 (D.D.C. 2018) (citation modified). Because Tillmon's timely motion followed the Court's grant of WMATA's motion to dismiss, it does not raise concerns of undue delay. Second, although Tillmon had already filed a First Amended Complaint, the Court allowed Tillmon the opportunity to seek leave to amend to address the deficiencies identified in its earlier opinion. A second amendment to cure those deficiencies aligns with the liberal standard of "freely giv[ing] leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

### CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the plaintiff's Motion for Leave to Amend, Dkt. 21, is **GRANTED** in part and **DENIED** in part.  It is further

**ORDERED** that the plaintiff shall file his Proposed Second Amended Complaint—without the futile § 1983 claims—on or before April 9, 2026, or the Court will close this case.  It is further

**ORDERED** that the plaintiff's Motion for a Status Conference, Dkt. 24, is **DENIED** as premature.

**SO ORDERED**.

_____
DABNEY L. FRIEDRICH
United States District Judge

March 26, 2026